IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CGI FINANCE, INC., | * |
| Plaintiff, | * |
| v. | *   Civil Action No. ELH-15-2649 |
| NATHAN G. WILLIAMS, | * |
| Defendant. | * |
| | * |

\* \* \* \* \* \*

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses the Motion for Entry of Default Judgment ("the Motion") (ECF No. 11) filed by Plaintiff CGI Finance, Inc. ("CGI") against Defendant Nathan G. Williams ("Williams"). Williams has not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2(a). On March 8, 2016, in accordance with 28 U.S.C. § 636 and Local Rule 301, Judge Hollander referred this case to me for a report and recommendation on CGI's Motion. (ECF No. 12.) I find that a hearing is unnecessary in this case. *See* Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6. For the reasons set forth below, I respectfully recommend that CGI's Motion be granted.

**I.     FACTUAL AND PROCEDURAL HISTORY**

**A.     Factual Background**

On April 16, 2010, CGI extended financing in the amount of $612,000.00 (the "Loan") to Williams pursuant to a Marine Note and Security Agreement (the "Note") for the purpose of

purchasing a vessel, the M/V Eagle One, Official No. 1187724 (the "Vessel").[1] (ECF No. 1 ¶ 4.) Under the terms of the Note, Williams agreed to repay the Loan, with interest, in "240 equal monthly payments in the amount of $4,526.93, beginning on May 16, 2010."[2] (*Id.*) Williams breached the Loan Modification Agreement and defaulted on the Note by failing to make his installment payments. (*Id.* ¶ 7.) In accordance with its rights under the terms of the Note, CGI gave Williams notice of his default and informed him that CGI intended to repossess the Vessel. (*Id.* ¶ 10, 12.) Thereafter, CGI repossessed the Vessel. (*Id.* ¶ 13.) Williams was notified of the repossession, but did not redeem the Vessel or cure the deficiencies under the Note. (*Id.* ¶ 14.) CGI sold the Vessel and applied the sale proceeds to Williams' debt to CGI. (*Id.* ¶¶ 17-19.)

### B.     Procedural History

On September 8, 2015, CGI filed a complaint against Williams, *in personam*, in Admiralty pursuant to 46 U.S.C. § 31325(b)(2)(A).[3] (ECF No. 1.) CGI attached the following exhibits to its Complaint: the Note (ECF No. 1-1); the First Preferred Ship Mortgage (ECF No. 1-2); the Loan Modification Agreement (ECF No. 1-3); the August 27, 2014 Notice of Intention to Repossess Vessel (ECF No. 1-4); the October 22, 2014 Notice of Accelerated Balance Due and Intention to Repossess Vessel (ECF No. 1-5); the November 21, 2014 Notice of Completed Repossession and Intent to Sell (ECF No. 1-6); and a letter dated June 19, 2015 from CGI to

---

[1] The Vessel is described with additional detail in the documents attached to the Complaint as a 2006 Carver Voyager 56, Serial No. CDRM7088K506. (*See* ECF Nos. 1-1 at 3 & 1-2 at 2.)

[2] Williams executed a Loan Modification, which was superseded by a Loan Modification Agreement dated January 28, 2014. The Loan Modification Agreement reduced his monthly payments through June 16, 2014. After June 16, 2014, the Loan was to be re-amortized based on the principal balance remaining at that time. (*Id.* ¶ 6.) The Loan Modification Agreement did not alter the terms of the Loan or the Note in any other respect. (*Id.*)

[3] This section provides: "On default of any term of the preferred mortgage, the mortgagee may . . . enforce a claim for the outstanding indebtedness secured by the mortgaged vessel in . . . a civil action against the mortgagor, maker, comaker, or guarantor for the amount of the outstanding indebtedness or any deficiency in full payment of that indebtedness." *Id.*

Williams regarding the sale of the Vessel and the outstanding balance due under the Note (ECF No. 1-7). In its Complaint, CGI seeks judgment against Williams "in the amount of $303,703.65, plus interest accruing since June 19, 2015 under the Note and Mortgage, together with attorneys' fees, costs and expenses." (ECF No. 1 at 4.)

On September 10, 2015, Williams was personally served by private process server. (ECF No. 7-4.) Williams has not filed an answer to the Complaint or a motion under Rule 12. On December 17, 2015, CGI filed a motion for entry of default. (ECF No. 7.) The Clerk of Court's Order of Default was filed on December 18, 2015. (ECF No. 8.) On March 7, 2016, in response to Judge Hollander's order directing CGI to file a status report or a motion for default judgment, CGI filed the instant Motion. (ECF No. 11.) Williams has not filed a response to the Motion and the time for doing so has passed.

## II.     LEGAL ANALYSIS

### A.     Standard for Entry of Default Judgment

In determining whether to award a default judgment, the Court accepts as true the well-pleaded factual allegations in the complaint as to liability. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001); *United States ex rel. Durrett-Sheppard Steel Co. v. SEF Stainless Steel, Inc.*, No. RDB-11-2410, 2012 WL 2446151, at *1 (D. Md. June 26, 2012). Nonetheless, the Court must consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *United States v. Redden*, No. WDQ-09-2688, 2010 WL 2651607, at *2 (D. Md. June 30, 2012) (citing *Ryan*, 253 F.3d at 790). Although the Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). If

the Court determines that liability is established, the Court must then determine the appropriate amount of damages. *CGI Finance, Inc., v. Johnson*, No. ELH-12-1985, 2013 WL 1192353, at *1 (D. Md. March 21, 2013). The Court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations. *Durrett-Sheppard Steel Co.*, 2012 WL 2446151 at *1.

Rule 55 of the Federal Rules of Civil Procedure provides that "[i]f, after entry of default, the Plaintiff's Complaint does not specify a 'sum certain' amount of damages, the court may enter a default judgment against the defendant pursuant to Fed. R. Civ. P. 55(b)(2)." A plaintiff's assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence. *United States v. Redden*, No. WDQ-09-2688, 2010 WL 2651607, at *2 (D. Md. June 30, 2012). Rule 55(b)(2) provides that "the court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." The Court is not required to conduct an evidentiary hearing to determine damages, however; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. *See, e.g.*, *Mongue v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010).

**B.     Liability**

CGI brings this suit under 46 U.S.C. § 31325(b)(2)(A) to enforce a claim of outstanding indebtedness on the mortgage that Williams secured for the Vessel. This Court has admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and Fed. R. Civ. P 9(h). Because Williams is in default, the Court accepts the well-pleaded factual allegations of the Complaint as true. Having reviewed the Complaint, I find that Williams' liability is readily established and that CGI has stated a legitimate cause of action based on Williams' breach of the terms of the Note, as modified by the

Loan Modification Agreement, and the terms of the First Preferred Ship Mortgage. Williams agreed to make monthly installment payments to CGI, but he failed to make the payments as required. The record shows that CGI sent Williams notice of its intention to repossess the Vessel (ECF Nos. 1-4, 1-5 & 1-6) and notice of the Vessel's final sale and the remaining deficiency balance (ECF No. 1-7). Williams did not seek to redeem the Vessel and has not made payments to CGI to cure the default under the Note. (ECF No. 1 ¶ 15.) Accepting these factual allegations as true, I conclude that CGI has established Williams' liability. Because CGI has stated a legitimate cause of action, I find that it is entitled to a default judgment against Williams. I recommend that the Court grant the CGI's Motion for Entry of Default Judgment with respect to Williams' liability.

### C. Damages

Having determined that CGI has established Williams' liability, it is now appropriate to determine the damages to which CGI is entitled. Generally, an evidentiary hearing is required to determine an award of damages, even in the case of a defendant's default. *See Laborers' Dist. Council Pension v. E.G.S., Inc.,* No. WDQ-09-3174, 2010 WL 1568595 (D. Md. Apr. 16, 2010). However, the Court may award damages "if the record supports the damages requested." *Id*. at *3 (collecting cases). Here, CGI has provided sufficient evidence to support its claim for damages in the amount of $264,079.00.

In support of its claim for damages, CGI submits the affidavit of Jody Carruth. (ECF No. 11-2.) According to his affidavit, Mr. Carruth is the Chief Financial Officer of CGI, is familiar with the records of CGI with respect to the Williams account, and is responsible for recovery on the Williams account. (*Id.* ¶ 1.) Mr. Carruth's affidavit provides Williams' last known address and states, pursuant to 50 U.S.C. § 3931, that Williams is not in the service of the United States

military. (*Id.* ¶ 13.) The affidavit explains that pursuant to the terms of the retail installment contract that Williams entered into with CGI, Williams agreed to pay CGI the total sum of $612,000.00 plus interest at the rate of 6.4% per annum. (*See id.* ¶¶ 4-5, ECF No. 11-3.) Williams did not make timely payments as required by the contract. (*Id.* ¶ 7.) CGI notified Williams by letter dated October 22, 2014 that he was in default for failure to make his payments, and that his account was past due in the amount of $547,340.58. (*Id.* ¶ 8.) On November 21, 2014, CGI notified Williams that it intended to repossess the Vessel, that Williams remained in default, and that he owed CGI $554,011.63. (*Id.* ¶ 9.) CGI sold the Vessel on June 18, 2015 and obtained net sale proceeds in the amount of $305,812.94. (*Id.* 10.) CGI notified Williams of the result of the sale on June 19, 2015. (*Id.*)

Mr. Carruth's affidavit refers to CGI's account history schedule for the Williams account. (*Id.* ¶ 11, ECF No. 11-8.) As Mr. Carruth explains, an examination of the account history schedule reveals that CGI applied the proceeds of the sale of the Vessel to the Williams account, which left a principal balance owed and unpaid of $264,079.25.[4] CGI requests that the Court enter judgment in its favor in the amount of $264,079.00. (*Id.* ¶ 12.) Notably, CGI does not seek "amounts in connection with costs and expenses, including repossession costs and attorney's fees." (ECF No. 11 at 2.) I have reviewed CGI's calculations and they appear to be correct. Under the terms of the contract, Williams owes a principal balance to CGI in the amount of $264,079.00. I recommend that the Court enter judgment in favor of CGI in this amount, plus post-judgment interest at the statutory rate. *See* 28 U.S.C. § 1961.

### III. CONCLUSION

In sum, I recommend that the Court:

---

[4] In its Motion and the attached proposed order, CGI seeks the entry of judgment in the amount of $264,079.00. (ECF Nos. 11 & 11-1.)

1. Grant Plaintiff CGI Finance Inc.'s Motion for Entry of Default Judgment (ECF No. 11); and

2. Enter judgment in favor of Plaintiff CGI Finance, Inc. and against Defendant Nathan G. Williams in the amount of $264,079.00, plus post-judgment interest at the statutory rate.

I also direct the Clerk to mail a copy of this Report and Recommendation to Defendant Nathan G. Williams at the address listed on the Complaint (6006 Strathmore Way, Upper Marlboro, MD 20772).

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).

May 11, 2016  
Date

/s/  
Timothy J. Sullivan  
United States Magistrate Judge